UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv093-FDW

| STEVE D. MORRISON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| NORTH CAROLINA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon initial review of Petitioner Steve D. Morrison's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. ECF No. 2.

**I.     BACKGROUND**

On February 11, 2004, Petitioner was convicted by a jury in the Superior Court of Mecklenburg County of three counts of trafficking in drugs, two counts of possession with intent to sell or deliver a controlled substance, two counts of delivery of a controlled substance, two counts of sale of a controlled substance, and attaining the status of an habitual felon. State v. Morrison, 609 S.E.2d 498, *1 (N.C. App. 2005) (table); Pet. 1, ECF No. 1.[1] Judgment was entered on February 12, 2004. Morrison, 609 S.E.2d at *1. The court arrested judgment in the two delivery convictions and one trafficking conviction, and consolidated the remaining convictions into three judgments. Id. The court sentenced defendant as a class C felon to three consecutive sentences of 100 to 129 months, 90 to 117months and 90 to 117 months imprisonment. Id.

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

Petitioner appealed, and appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that he had been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal. Morrison, 609 S.E.2d at *1. In an opinion issued on March 1, 2005, the Court of Appeals found no prejudicial error. Id. Petitioner did not seek discretionary review in the North Carolina Supreme Court.

Rather, on September 25, 2005, the petitioner filed his first Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County. Morrison v. State, No. 3:06-cv-250, 2006 WL 1877148, at *1 (WDNC July 06, 2006). It was denied, as was his subsequent petition for discretionary review in the North Carolina Supreme Court, State v. Morrison, 634 S.E.2d 894 (N.C. 2006).

On June 15, 2006, Petitioner filed a petition for writ of certiorari pursuant to 28 U.S.C. § 2254 in the federal district court. Morrison v. State, 3:06-cv-250, ECF No. 1. On July 6, 2006, the Court entered an Order dismissing that petition on the ground that Petitioner's claims were procedurally defaulted, see 3:06-cv-250, ECF No. 4, and on February 28, 2008, the Fourth Circuit Court of Appeals denied Petitioner's application under 28 U.S.C. § 2244 to file a successive petition, see 3:06-cv-250, ECF No. 7.

From the record, it appears that Petitioner filed at least two more motions for appropriate relief in the Mecklenburg County Superior Court between 2006 and 2010, all of which were denied. See State v. Morrison, 676 S.E.2d 50 (N.C. 2009); State v. Morrison, 674 S.E.2d 139 (N.C. 2009); State v. Morrison, 651 S.E.2d 374 (N.C. 2007). On June 1, 2007, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court. Morrison v. Alexander Correctional Institution, 3:07-cv-00223, ECF No. 1. That petition was dismissed without prejudice because Petitioner had failed to apply to the Fourth Circuit

Court of Appeals for an order authorizing him to file a successive habeas petition in the district court. 3:07-cv-00223, ECF No. 2.

On March 5, 2014, Petitioner filed another MAR in Mecklenburg County Superior Court challenging his 2004 convictions and sentences. Pet. 3, ECF No. 1. It was denied, as was Petitioner's petition for writ of certiorari in the North Carolina Supreme Court. State v. Morrison, 763 S.E.2d 394 (N.C. 2014). On February 27, 2014, Petitioner filed the instant § 2254 habeas petition challenging his 2004 convictions and sentences.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

### A. In Forma Pauperis Motion

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs because the petitioner is indigent. Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed in a § 2254 action without prepayment of fees "shall submit a certified copy of the trust fund account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." The provisions of 28 U.S.C. § 1915(a)(2) are mandatory.

Petitioner has submitted a non-certified copy of his trust account statement for the week of Jan. 26 – Feb. 2, 2015, which shows only the debt he has accrued since Dec. 2008. ECF No.

3

3. Because he has failed to provide the court with a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of his habeas petition, Petitioner's IFP Motion shall be denied.[2]

**B. Successive Petition**

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner has filed two prior habeas petitions challenging his 2004 convictions and sentences (3:07-cv-00223; 3:06-cv-250). In the instant case, Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

**IV: CONCLUSION**

---

[2] Ordinarily, the Court allows petitioners additional time to comply with this requirement. Petitioner, however, has filed at least five previous complaints and/or habeas petitions in federal district court (3:10-cv-00635; 5:08-cv-00127; 5:08-cv-00049; 3:07-cv-00223; 3:06-cv-00250). He should, by this point, be familiar with the trust fund statement requirement.

For the reasons stated herein, the Court finds that the present § 2254 petition should be dismissed without prejudice as an unauthorized, successive § 2254 petition.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's petition for a writ of habeas corpus, ECF. No 1, is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

2) Petitioner's Motion to Proceed <u>In Forma Pauperis</u>, ECF No. 2, is **DENIED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 3, 2015

Frank D. Whitney
Chief United States District Judge